AUGUSTINE *v.* STATE.

(In Banc. March 24, 1947. Suggestion of Error Overruled April 14, 1947.)

[29 So. (2d) 454. No. 36187.]

[29 So. (2d) 921.

Percy K. Alford, of McComb, for appellant.

734

**Greek L. Rice,** Attorney General, by **Geo. H. Ethridge,** Assistant Attorney General, for appellee.

Argued orally by **Percy K. Alford**, for appellant, and by **Geo. H. Ethridge**, for appellee.

**Roberds, J.**, delivered the opinion of the court.

Augustine was convicted of robbery with a deadly weapon, and by the jury sentenced to death. He appeals.

We have searched the record in vain for some ground on which to reverse the conviction. We use the expression, "searched," because we have felt it our duty to reverse the case if we could find grounds for so doing. Infliction of the death penalty under the facts of this case constitutes, as a matter of fact although not as a question of law, cruel and inhuman treatment. The jury had power to inflict that penalty, and we cannot disturb that action unless the record discloses some other error justifying us in so doing. This is a court of review. Our power is limited in this case to passing upon errors disclosed by such review. We have no power to pardon offenses or commute sentences. The only error in this record sufficiently serious to call for a reversal was the granting of an instruction to the State under which the jury was told to find that the accused had used a deadly weapon, if it found him guilty at all. Ordinarily that would be ground for reversal in this case. However, this was neutralized and cured by instructions properly granted the defendant, informing the jury that even if it did find defendant guilty of robbery, it should not find that the robbery was with a deadly weapon unless the evidence convinced the jury of that fact beyond a reasonable doubt. It is with great reluctance, therefore, that we are compelled to affirm the conviction and sentence.

Affirmed, and Thursday, May 15, 1947, set for the date of execution.

## On Suggestion of Error.

**McGehee, J.**, delivered the opinion of the court on suggestion of error.

Since the defendant, as a witness in his own behalf, freely admitted that he committed the crime of robbery on the occasion in question by putting his victim, Frank Mead, in grave fear of some immediate injury to his person, and that he took the sum of $78 in money, a bill-fold and a flashlight from him, the only remaining issue to be submitted to the jury was whether or not the weapon exhibited by him on that occasion was a deadly weapon, to wit, a real pistol, or was merely a paper-cap pistol as testified to by the defendant.

And it is true that the instructions for the State did not submit to the jury his defense that he was merely guilty of robbery without the use of a deadly weapon, but the defendant himself obtained an instruction to the effect that the burden of proof was upon the State to prove that the crime was committed by the exhibition of a deadly weapon, and that the use of such weapon "is a necessary and essential part of the crime alleged against this defendant and that unless the State has offered evidence which absolutely convinces you and each of you, beyond a reasonable doubt, that a real pistol which was in truth and in fact a deadly weapon was exhibited and used on the occasion set out in the indictment herein, then under the law you can not under your oaths sentence him to death on the charge herein."

It was for the consideration of the jury as to whether or not the testimony of the defendant was reasonable and believable when he said that he committed the robbery by the exhibition of a mere paper-cap pistol. Ordinarily, when a man goes to the place of business of another to rob the owner of his money by putting him in fear, he is prepared to kill if he deems it necessary in order to carry out his unlawful purpose, and the exhibition of a

toy or paper-cap pistol is not in keeping with common knowledge and human experience. It is not, therefore, to be presumed that the jury when considering as a whole the State's instructions and that of the defendant hereinbefore quoted from, would have rendered a verdict against him which carried the infliction of the death penalty unless the jury had believed beyond a reasonable doubt that the weapon exhibited was a real pistol.

We are, therefore, of the opinion that the suggestion of error insofar as the instructions are concerned should be overruled, and no other error is assigned that would justify a reversal of the case.

Suggestion of error overruled.

### Dissenting Opinion.

**Sydney Smith, C. J.,** delivered a dissenting opinion.

This suggestion of error should be sustained. The appellant was indicted for robbery committed by the exhibition of a deadly weapon, to wit, a pistol. He testified as a witness in his own behalf, freely acknowledged the robbery and his participation therein, but said that the supposed pistol exhibited by him was only an imitation and not a real pistol, describing it and in what the imitation consisted. The question then for the determination of the jury was not whether the defendant was guilty of the crime of robbery, for that he admitted, but whether he was guilty of robbery committed by the exhibition of a deadly weapon, or to state if differently, the only question for the jury's determination was whether a deadly weapon had been exhibited by the appellant. The State's instruction complained of, and referred to in our former opinion, reads as follows: "The Court instructs the jury for the state that in the event you find the defendant John Augustine alias Skinny Augustine guilty you may return either one of the following verdicts:

"1—'We, the jury, find the defendant John Augustine guilty as charged, and fix his punishment at death in the electric chair.' (In which event it will be the duty of the Court to sentence the defendant to death in the electric chair) or,

"2—'We, the jury, find the defendant John Augustine guilty as charged.' (In which event it will be the duty of the Court to sentence the defendant to serve a term of years in the State Penitentiary)."

On the evidence, which was solely for its determination, the jury could have returned a verdict of guilty of robbery without the use of a deadly weapon, but they were cut off from doing this by this instruction, under which if they found the defendant guilty at all they must return a verdict of guilty as charged, that is, of robbery by the exhibition of a deadly weapon. The two instructions for the appellant said to cure this error do not, in my judgment, do so. Neither of them are aimed at the returning by the jury of a verdict of guilty without the use of a deadly weapon, but simply charge the jury that they cannot sentence the defendant to death unless they believe that the weapon exhibited was "a real pistol which was in truth and in fact a deadly weapon." As hereinbefore said, the instruction for the State deprived the jury of the right to find the appellant guilty of robbery but without the use of a deadly weapon, and neither of the two instructions for the defendant cure that error.

**Roberds, J.,** delivered a dissenting opinion.

The original opinion, affirming this case, was written by me under direction and as representing the views of the court. I yielded my individual views. Now that the questions are again presented by sugguestion of error intellectual integrity compels me to say I think the suggestion of error should be sustained, and I join in the dissenting opinion of Chief Justice Smith.